UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 19-035 |
| v. | * | SECTION: "H" |
| BRIAN JONES<br>a/k/a "Turk" | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

The defendant, Brian JONES, a/k/a "Turk," has agreed to plead guilty as charged to Counts One, Two, and Three of the Second Superseding Indictment in this case, which charges the defendant with Conspiracy to Possess with the Intent to Distribute and to Distribute cocaine base and heroin, in violations of Title 21, United States Code, Sections 841(b)(1)(C) and 846; Carjacking, in violation of Title 18, United States Code, Section 2119; and Discharging a Firearm in Furtherance of Crime of Violence and a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii). Had this matter proceeded to trial, the government would have proven beyond a reasonable doubt the allegations in the Second Superseding Indictment, namely that the defendant committed the following crimes:

In the fall of 2017, members of the Federal Bureau of Investigation's ("FBI") New Orleans Gang Task Force ("NOGTF") began investigating the distribution of narcotics in the Hollygrove neighborhood of New Orleans, located near the western boundary of Orleans Parish. The NOGTF is a federal law enforcement team comprised of both FBI Special Agents and members of state law enforcement agencies that investigates gang activity in the metropolitan New Orleans area.

The NOGTF began to investigate and conduct surveillance in 2017 at a location known as Mel's Food Store, at the intersection of Marks and General Ogden streets. Mel's Food Store had

AUSA
Defendant
Defense Counsel

been operating since approximately 2015. The operator of the store was in the store daily, and was in charge of all of the daily aspects of maintaining the store, including but not limited to bookkeeping and security. Mel's was a bare-bones operation. It offered very few items for sale outside of cigarettes, beer and cold drinks. It had many barren shelves, inoperable refrigerators, a non-functioning deli area, and inoperable surveillance equipment. The operator allowed drug dealers and neighborhood gangsters to sell drugs and hang out in the store, and some of them would post pictures to social media of drug dealers smoking marijuana and possessing firearms from inside of the store.

The International School of Louisiana's ("ISL") elementary school campus for grades kindergarten through second grade was across Marks street from Mel's. ISL is a public school that provides immersion language instruction for children in the metropolitan New Orleans area. School administrators made multiple complaints to local law enforcement and city officials that Mel's was the base of an open-air drug market operating across the street from their school. Neighbors and property owners near Mel's made similar complaints. School administrators and neighbors were ultimately interviewed by members of the NOGTF during the investigation.

Following surveillance of suspected hand-to-hand transactions in the Eastside Hollygrove neighborhood around Mel's Food Store, members of the NOGTF would follow the suspected narcotics purchasers from the neighborhood. Frequently, cars leaving the area would return to the direction of Jefferson Parish via Airline Highway. The NOGTF elected to conduct investigatory stops on these vehicles. Officers conducted approximately 12 investigatory stops in this manner and began interviewing the narcotics purchasers. From these interviews, agents learned the names or nicknames of drug dealers, their phone numbers, what type of drugs were being sold, and at what price the drugs were being sold. Agents then accessed law enforcement databases with this

2



AUSA
Defendant
Defense Counsel

information to identify the suspected narcotics traffickers.

In 2017, Brian JONES, a/k/a "Turk," ("JONES") was one of the drug-dealers from the Hollygrove neighborhood who purchased and sold heroin and cocaine base around Mel's Food Store. Two codefendants knew "Turk" as a younger drug dealer in the neighborhood. One codefendant stated "Turk" had approximately five customers a day and each customer purchased about $50 worth of crack or heroin for approximately a year. Sometimes "Turk" would buy an "eightball" or an eighth of an ounce of heroin from a supplier for the day and then serve his customers. JONES was a co-conspirator of the drug conspiracy described in Count One of the Second Superseding Indictment.

## Shooting and Carjacking of Victim 1

JONES was from the Hollygrove neighborhood, but during the timeframe of the conspiracy, JONES was working and living in Jefferson Parish. Victim 1 was from Jefferson Parish and JONES sold drugs to him. Victim 1 became friends with JONES.

On October 30, 2017, in the early evening, JONES asked Victim 1 to help him move out of an apartment in Metairie back to the Hollygrove neighborhood, because JONES was being evicted from his apartment. Victim 1 went to Metairie and helped JONES load his belongings into Victim 1's mother's car.

During that same evening, Victim 1 received a call from K.B. and G.B., who had purchased heroin from JONES earlier that day. However, the heroin JONES gave to K.B. and G.B. was fake or bad. K.B. and G.B. knew Victim 1 was helping JONES move, and they asked for Victim 1 to come by. When Victim 1 and JONES arrived to K.B.'s house, G.B. approached JONES about JONES selling G.B. fake/bad heroin.

When JONES got back in the vehicle with Victim 1, he began to argue with Victim 1 about

3


AUSA
Defendant
Defense Counsel

G.B's conduct. ~~JONES believed Victim 1 knew that G.B. was going to confront JONES about the fake/bad heroin and that he set JONES up.~~ JONES then directed Victim 1 to the Hollygrove neighborhood of New Orleans.

Victim 1 then drove JONES to the intersection of Pear and Leonidas Streets, where JONES told him to stop the car. They both exited the vehicle, and Victim 1 opened the hatchback to retrieve JONES's belongings. Victim 1 then felt a strike to the back of his head and turned to see JONES holding a firearm. Victim 1 turned to run and heard several gunshots, and then fell into a ditch. JONES then approached Victim 1 and pressed the gun into his back and fired the handgun into Victim 1's spine, causing Victim 1 to become paralyzed. JONES then put the gun to Victim 1's head and pulled the trigger, but for some reason no round fired from the handgun.

JONES then took Victim 1's car keys out of Victim 1's pants' pocket and told Victim 1 that "Yall pick the wrong day to fuck with me." JONES then entered and started Victim 1's vehicle, and then purposely drove the vehicle over Victim 1's legs and torso. Victim 1 was severely injured: he was left permanently paralyzed, his right foot was severely injured, and he also suffered multiple broken ribs.

Victim 1's vehicle was a 2012 Honda Civic that was not manufactured in the State of Louisiana and had been transported in interstate commerce before arriving in the Eastern District of Louisiana.

Around 11:30 p.m., members of the New Orleans Police Department responded to a 911 call for help from a witness located near the intersection of Pear and Leonidas Streets in the Hollygrove neighborhood. Officers located Victim 1 lying face down near the intersection with a gunshot wound to the back. Victim 1 reported to the officers that "Turk" shot him and then stole Victim 1's mother's 2012 Honda Civic.

4



AUSA
Defendant
Defense Counsel

JONES drove Victim 1's mother's car, and then abandoned it in the Hollygrove neighborhood after spraying it with bleach and attempting to burn it. On November 8, 2017, police officers recovered the 2012 Honda Civic at the intersection of Hollygrove and Palmetto Streets in the Hollygrove neighborhood.

The quantities of drugs attributable or reasonably foreseeable to JONES were 20 to 40 grams of heroin and 10 grams of cocaine base.

### Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government and/or Brian JONES. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offenses by JONES.

5



AUSA
Defendant
Defense Counsel

The above facts come from an investigation conducted by, and would be proven at trial beyond a reasonable doubt by credible testimony from members of the New Orleans Police Department, members of the Jefferson Parish Sheriff's Office, and Special Agents and forensic examiners from the Federal Bureau of Investigation, lay witnesses with personal knowledge of these facts, and admissible, tangible exhibits in the custody of the FBI.

**READ AND APPROVED:**

_____ 10-19-2021
Gaynell Williams          [date]
Counsel for Brian JONES

_____ 10/19/21
Kathryn McHugh            [date]
Assistant United States Attorney

_____ 10-19-2021
Brian JONES               [date]
Defendant